Arturo **RIVERA**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 13–84–378–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1985.

Armando Reyna, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant pled guilty to the offense of delivery of cocaine and was sentenced to ten years in the Texas Department of Corrections. Appellant was placed on probation for ten years. On July 31, 1984, the State filed a motion to revoke probation alleging the violation of five probationary conditions. Appellant pled true to each violation. The trial court revoked probation and sentenced appellant to ten years in the Texas Department of Corrections.

Appellant raises three grounds of error, attacking the sufficiency of the evidence to support the alleged violations, and one ground of error concerning "excessive verbiage" in the motion to revoke. We will not address appellant's grounds of error individually, as one probation violation will support the trial court's order to revoke, *Sanchez v. State*, 603 S.W.2d 869 (Tex. Crim.App.1980), and a plea of "true," standing alone, is sufficient to support revocation. *Cole v. State*, 578 S.W.2d 127 (Tex.Crim.App.1979). We, therefore, find that the appellant's five pleas of true to the violations are sufficient to support the trial court's order. Appellant's first three grounds of error are overruled.

Appellant's fourth ground of error concerning excess verbiage in the motion to revoke is also without merit. Even were we to agree that the motion contained excess verbiage, such a finding would have no impact upon the sufficiency of the evidence to support the trial court's order.

Appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.