NUMBER 13-00-191-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JAMEY L. DOANE
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of San Patricio County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden


 Jamey L. Doane, appellant, appeals the revocation of his
community supervision.(1) Appellant's court-appointed counsel has filed
a brief in which he concludes that the appeal is wholly frivolous and
without merit.(2) The brief meets the requirements of Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that
counsel present a professional evaluation of the record demonstrating
why, in effect, there are no arguable grounds to be advanced. See High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 

 The State alleged numerous separate bases upon which
appellant's community supervision should be revoked, including: failure
to keep gainful employment in a lawful occupation; failure to pay
restitution; and failure to pay the required supervisory fee. Appellant
pled true to all counts. The trial court administered the proper
admonishments and appellant acknowledged that he understood the
admonishments. The State introduced a stipulation to evidence signed
by appellant and appellant's judicial confession. 

 A trial court is vested with discretion to revoke an individual's
community supervision. Herrera v. State, 951 S.W.2d 197 (Tex. App.--Corpus Christi 1997, no pet.). Violation of a single condition of
community supervision is sufficient to support a trial court's decision
to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980). After considering all the evidence, the court may revoke
community supervision if the State proves the alleged violations by a
preponderance of the evidence. Battle v. State, 571 S.W.2d 20, 21
(Tex. Crim. App. 1978). Standing alone, a plea of true is sufficient to
support the trial court's order of revocation. See Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979); Rivera v. State, 688 S.W.2d
659, 660 (Tex. App.--Corpus Christi 1985, no pet.). Appellant pled true
to all allegations. Accordingly, the State has satisfied its burden. 

 The judgment of the trial court is AFFIRMED.



 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 31st day of August, 2000.

 

1. Appellant pled guilty to burglary. See Tex. Penal Code Ann. §
30.02(a) (Vernon 1999).
2. A copy of counsel's brief has been delivered to appellant, and
appellant was advised of his right to file a pro se brief. No pro se
brief has been filed.