NUMBER 13-01-334-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


 PAUL BERA LANDRY, JR. , Appellant, 


v.


THE STATE OF TEXAS , Appellee.





On appeal from the 252nd District Court

of Jefferson County, Texas.




O P I N I O N

Before Justices Hinojosa, Castillo, and Baird (1)

Opinion by Justice Baird


On July 26, 1999, appellant pled guilty to the offense of possession of a controlled substance, namely cocaine. The trial
court recessed the proceedings so a pre-sentence investigation could be conducted. On August 30, 1999, appellant was
sentenced to eighteen months in a state jail facility and ordered to participate in the Therapeutic Community Program. 
Upon the successful completion of that program, the sentence would be suspended and appellant placed on community
supervision. On January 31, 2000, the trial court suspended appellant's sentence and placed him on community supervision
for five years. On February 20, 2001, appellant pled true to several allegations in the State's motion to revoke the
community supervision. The trial court recessed those proceedings until March 27, 2001, and then revoked appellant's
community supervision and assessed punishment at eighteen months in a state jail facility. Appellant gave notice of appeal,
and counsel was appointed.

I. Appellant's Appeal

Counsel has filed an Anders brief. Anders v. California, 386 U.S. 738 (1967). Counsel states that he has reviewed the
statement of facts and the clerk's record in this case, that he has researched the applicable statutory and decisional authority,
and that he has found no reversible error and no arguable grounds of error for purposes of appeal. We find counsel has
presented a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

Additionally, counsel certifies he served a copy of his brief on appellant, and informed appellant of his right to review the
court reporter's and clerk's records, and to file a pro se brief. No such brief has been filed.

We too have carefully reviewed the appellate record and have found no reversible error or any arguable point(s) of error for
appeal. A trial court is vested with discretion to revoke an individual's community supervision. Herrera v. State, 951
S.W.2d 197 (Tex. App.-Corpus Christi 1997, no pet.). A single violation of a condition of community supervision is
sufficient to support a trial court's decision to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). After
considering all the evidence, the court may revoke community supervision if the State proves the alleged violations by a
preponderance of the evidence. Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App. 1978). Standing alone, a plea of true
is sufficient to support the trial court's order of revocation. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); 
Rivera v. State, 688 S.W.2d 659, 660 (Tex. App.- Corpus Christi 1985, no pet.). As noted above, appellant pled true to
multiple allegations in the State's motion seeking revocation. Accordingly, the State has satisfied its burden.

The judgment of the trial court is affirmed.

II. Motion to Withdraw as Counsel

In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).

 

CHARLES BAIRD,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 24th day of January, 2002.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).