NUMBER 13-01-614-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 



 

ROBYN LEE BRACKETT,                                                        Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 377th District Court 

                                  of Victoria
County, Texas.



 

 

                                   O P I N I O N

 

         Before Chief Justice Valdez and
Justices Rodriguez and Baird[1]

                                   Opinion by
Justice Baird

 








Appellant was charged by indictment with the offense of
theft.  Pursuant to a plea bargain
agreement with the Sate, appellant pled guilty to the charged offense and
punishment was assessed at two years confinement in a state jail facility,
probated for five years, and a fine of $500.00. 
The State subsequently filed a motion to revoke appellant=s community
supervision.  Appellant pled true to the
allegations in that motion.  The trial
court assessed punishment at two years confinement.  We affirm.

                                               I.  Appellant=s Appeal

Counsel has filed an Anders brief.  Anders v. California, 386 U.S. 738
(1967).  Counsel states that he has
reviewed the reporter=s record and
the clerk=s record in
this case, that he has researched the applicable statutory and decisional
authority, and that he has found no reversible error and no arguable grounds of
error for purposes of appeal.  The State
has filed a letter brief concurring with this assessment.  We find counsel has presented a professional
evaluation of the record demonstrating why there are no arguable grounds to be
advanced.  High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978). 

Additionally, counsel=s brief
includes a letter dated November 5, 2001, informing appellant of her right to
review the court reporter=s and clerk=s records, and
to file a pro se brief.  No such
brief has been filed.








We too have carefully reviewed the appellate record and have
found no reversible error or any arguable point(s) of error for appeal.  A trial court is vested with discretion to
revoke an individual's community supervision. 
Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.BCorpus Christi
1997, no pet.).  A single violation of a
condition of community supervision is sufficient to support a trial court's
decision to revoke.  Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  After considering all the evidence, the court
may revoke community supervision if the State proves the alleged violations by
a preponderance of the evidence.  Battle
v. State, 571 S.W.2d 20, 21 (Tex. Crim. App.
1978).  Standing alone, a plea of true is
sufficient to support the trial court's order of revocation.  Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. 1979); Rivera v. State, 688
S.W.2d 659, 660 (Tex. App.BCorpus Christi
1985, no pet.).  As noted above,
appellant pled true to multiple allegations in the State=s motion
seeking revocation.  Accordingly, the
State has satisfied its burden.

The judgment of the trial court is affirmed.

                                     II.  Motion to Withdraw as Counsel

In accordance with Anders, appellant's
attorney has asked permission to withdraw as counsel for appellant.  Anders, 386 U.S. at 744.  We grant counsel's motion to withdraw, and
order counsel to notify appellant of the disposition of this appeal and of the
availability of discretionary review.  Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

 

                                           

CHARLES
BAIRD,

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 23rd
day of May, 2002.











[1]Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by
the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).