NUMBER 13-01-064-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                      CORPUS
CHRISTI B EDINBURG

 

 



ORLANDO ALFARO,                                                             Appellant,

 

                                                   v.

 

THE STATE OF
TEXAS,                                                          Appellee.

 

 



                        On
appeal from the 105th District Court

                                  of
Kleberg County, Texas.

 

 



                                   O
P I N I O N

 

           Before
Chief Justice Valdez and Justice Castillo and Baird[1]

                                   Opinion
by Justice Baird








Appellant was
charged by indictment with the first degree felony offense of delivery of a
controlled substance, namely cocaine. 
Pursuant to a plea bargain agreement with the State, appellant pled
guilty to the charged offense and punishment was assessed at ten years
confinement in the Texas Department of Criminal Justice--Institutional
Division, probated for five years, and a fine of $1,000.00.  The State subsequently filed a motion to
revoke appellant=s community supervision.  Appellant pled true to the allegations in
that motion.  The trial court assessed
punishment at seven years confinement. 
We affirm.

                                               I.  Appellant=s Appeal

Counsel has
filed an Anders brief.  Anders
v. California, 386 U.S. 738 (1967). 
Counsel states that he has reviewed the reporter=s record and the clerk=s record in this case, that he has researched the
applicable statutory and decisional authority, and that he has found no
reversible error and no arguable grounds of error for purposes of appeal.  The State has filed a letter brief concurring
with this assessment.  We find counsel
has presented a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced.  High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). 








We too have
carefully reviewed the appellate record and have found no reversible error or
any arguable point(s) of error for appeal. 
A trial court is vested with discretion to revoke an individual's
community supervision.  Herrera v.
State, 951 S.W.2d 197, 199 (Tex. App.BCorpus Christi 1997, no pet.).  A single violation of a condition of
community supervision is sufficient to support a trial court's decision to
revoke.  Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. 1980). 
After considering all the evidence, the court may revoke community
supervision if the State proves the alleged violations by a preponderance of
the evidence.  Battle v. State,
571 S.W.2d 20, 22 (Tex. Crim. App. 1978). 
Standing alone, a plea of true is sufficient to support the trial
court's order of revocation.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Rivera v. State,
688 S.W.2d 659, 660 (Tex. App.BCorpus Christi 1985, no pet.).  As noted above, appellant pled true to
multiple allegations in the State=s motion seeking revocation.  Accordingly, the State has satisfied its
burden.

II.  Appellant=s Pro Se Brief.

Additionally,
appellate counsel notified appellant of his right to review the court reporter=s and clerk=s records, and to file a pro se brief.  Appellant has filed a pro se
brief.  For the following reasons, we
find that brief does not raise any meritorious points of error.








Appellant=s brief raises several arguments contending trial
counsel=s
conduct was deficient.  Appellant
concedes his statements supporting those arguments are not supported by the
record.[2]  Our law is clear that the defendant bears the
burden of proving ineffective assistance of counsel by a preponderance of the
evidence.  Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998). 
Allegations of ineffective assistance of counsel will be sustained only
if they are firmly founded and affirmatively demonstrated in the appellate
record.  McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996); Stone v. State, 17 S.W.3d 348,
350 (Tex. App.BCorpus Christi 2000, pet. ref=d).  Because
the basis for appellant=s ineffective assistance of counsel contentions are
not found in the appellate record, we must reject them at this time.[3]  Points of error one, two, three and five are
overruled.

The fourth and
sixth points of error contend the prosecutor and trial judge erred in making
incorrect statements.  Specifically,
appellant argues the prosecutor was wrong in stating appellant had been to ASafe P@ twice, when in fact appellant had only been in
that treatment program once.   We reject
this argument for several reasons. 
First, the complained-of statement of the prosecutor was made during the
State=s
closing argument and, therefore, does not constitute evidence.  Second, appellant pled true to the allegation
that he Afailed
to complete the Antabuse Program.@  Apparently,
this was the second program the prosecutor was referring to.  Since appellant pled true to this allegation,
any misstatement by the prosecutor was harmless.  Tex.
R. App. P. 44.2(b).  Accordingly,
the fourth point of error is overruled.








Appellant argues
the trial judge was wrong in stating appellant had appeared before the court
four times, when in fact appellant had been before the trial judge only three
times. The record reflects appellant pled guilty to the charged offense on
August 15, 1994.  On April 10, 1995, the
terms and conditions of appellant=s probation were modified to require a term of
confinement in a substance abuse treatment facility (apparently this
modification resulted in appellant=s treatment in Safe P.).  On July 29, 1996, the trial judge again
amended the terms and conditions of appellant=s probation. 
And again on September 9, 1998, appellant appeared before the judge, at
which time the period of probation was extended until August 15, 2001.  The instant motion to revoke was filed on
September 12, 2000, and the hearing was held on November 22, 2000.  Therefore, it appears from the record before
us that the statement of the trial judge that appellant had appeared before the
court four times was accurate. 
Accordingly, the sixth point of error is overruled. 

The judgment of
the trial court is affirmed.

 

                                           

CHARLES BAIRD,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 7th day of November, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by
the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]
Specifically,
appellant begins these arguments with the heading: AOFF
THE RECORD.@





[3] This
holding will not prevent appellant from raising these claims in an application
for writ of habeas corpus, should he choose to pursue that avenue of
relief.  Ex parte Varelas, 45
S.W.3d 627, 629-30 (Tex. Crim. App. 2001).