NUMBER 13-01-006-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



 BILLY AYALA , Appellant, 



v.




THE STATE OF TEXAS , Appellee.



On appeal from the 148th District Court of Nueces County, Texas.




MEMORANDUM OPINION

Before Justices Yañez, Garza, and Baird (1)

Opinion by Justice Baird


 Appellant was charged by indictment with the offense of aggravated robbery. Pursuant to a plea bargain agreement with
the State, appellant pled guilty to the charged offense, sufficient evidence was introduced to establish appellant's guilt, the
trial court deferred an adjudication of guilt, placed appellant on community supervision for a period of ten years, and
assessed a fine of $500. Subsequently, the State filed a motion to adjudicate guilt. Following a hearing on the State's
motion, the trial judge found several of the allegations true, revoked appellant's community supervision, and assessed
punishment at ten years confinement in the Texas Department of Criminal Justice-Institutional Division. We will dismiss
this appeal for want of jurisdiction.

I. Jurisdiction.

 A party may appeal only that which the Legislature has authorized. Galitz v. State, 617 S.W.2d 949, 951 (Tex. Crim.
App.1981). The Legislature has provided that a defendant who pleads guilty and is placed on deferred adjudication may
raise issues relating to the original plea proceeding only in an appeal taken when the trial court first orders deferred
adjudication and imposes community supervision. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.1999). If the
defendant does not exercise his right to appeal at that time, no appeal may be taken from a subsequent determination to
proceed with an adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2003); Williams v.
State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (decision to proceed with an adjudication of guilt is one of absolute
nonreviewable discretion).

II. Anders Brief.


 Counsel has filed an Anders brief. Anders v. California, 386 U.S. 738, 744-45 (1967). Within this brief, counsel cites
article 42.12, section 5(b) of the code of criminal procedure, supra, and states that there are no arguable grounds of error for
purposes of appeal. We find counsel has presented a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). (2) Additionally, counsel's
brief includes a certificate of service dated December 18, 2001, stating she has informed appellant of his right to review the
court reporter's and clerk's records, and to file a pro se brief. No such brief has been filed.

 This appeal is dismissed for want of jurisdiction.

 

CHARLES F. BAIRD,

Justice


Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 12th day of June, 2003.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to the government code. Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Counsel further notes that a trial judge is vested with discretion to revoke an individual's community supervision. 
Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.-Corpus Christi 1997, no pet.). A single violation of a condition of
community supervision is sufficient to support a trial court's decision to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980). Standing alone, a plea of true is sufficient to support the trial court's order of revocation. Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. 1979);Rivera v. State, 688 S.W.2d 659, 660 (Tex. App.-Corpus Christi 1985, no
pet.). In the instant case, appellant pled true to multiple allegations in the State's motion seeking revocation. Accordingly,
there can be no abuse of discretion on the part of the trial judge in the instant case.