Harrison v. SOT
















NUMBERS 13-03-00239-CR
                                                        13-03-00240-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

CHARMAINE SHEREE HARRISON,                                            Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 262nd District Court of Harris County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          In cause number 13-03-00239-CR,


 appellant, Charmaine Sheree Harrison, pleaded
guilty before a jury to the offense of aggravated robbery.


 The jury found her guilty and
assessed her punishment at ten years imprisonment and a $10,000 fine. However, the jury
recommended that appellant be placed on community supervision and the fine probated. 
The trial court followed the recommendations of the jury, suspended the order of
confinement, and ordered that appellant: (1) be placed on community supervision for ten
years, (2) pay the fine in installments, and (3) serve 180 days in jail as a condition of her
community supervision.
          In cause number 13-03-00240-CR,


 pursuant to a plea agreement, appellant
pleaded guilty to the offense of robbery.


 The trial court found appellant guilty and, in
accordance with the plea agreement, assessed her punishment at ten years imprisonment,
suspended the order of confinement, and placed her on community supervision for ten
years. The sentence in cause number 13-03-00240-CR was ordered to run concurrent
with the sentence in cause number 13-03-00239-CR. 
          Later, in both cases, the State filed motions to revoke appellant’s community
supervision. Appellant pleaded “true” to all but one of the State’s allegations. After hearing
and considering the motions and evidence presented in both cases, the trial court: (1)
found that appellant had violated the conditions of her community supervision; (2) revoked
her community supervision; and (3) assessed her punishment at nine years imprisonment. 
The trial court has certified that these are not plea-bargain cases, and “the defendant has
the right of appeal.”
 

A. Anders Brief
          In both cases, appellant’s attorney has filed a brief with this Court asserting there
is no basis for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). According to
the brief, counsel has reviewed the clerk’s record and reporter’s record and has concluded
that each appeal is frivolous and without merit. See id. The brief meets the requirements
of Anders as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978), counsel has carefully discussed why, under the controlling authorities,
there are no errors in the trial court’s judgments and revocation orders. In the brief,
appellant’s counsel states that he has informed appellant of her right to review the
appellate record and to file a pro se brief. 
B. Appellant’s Pro Se Brief
          Appellant has filed a pro se brief. In two issues, appellant contends: (1) she
received ineffective assistance of counsel at the revocation hearing, and (2) she had
insufficient time to adequately prepare. 
1. Ineffective Assistance of Counsel
          In her first issue, appellant complains she received ineffective assistance of counsel. 
Specifically, appellant complains her counsel failed to: (1) explain the procedures of the
revocation hearing; (2) inform her of her right to call witnesses on her behalf; (3) file a
discovery order requesting audio and camera recordings from the Port of Houston; (4) 
discuss the severity of the plea; and (5) allow appellant to answer when asked how she
was pleading.
          Our review of counsel's performance must be highly deferential. Strickland v.
Washington, 466 U.S. 668, 689 (1984). We adhere to the United States Supreme Court’s
two-pronged Strickland test to determine whether counsel’s representation was so
inadequate that it violated a defendant’s Sixth Amendment right to counsel. Id. at 687-88;
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d
427, 433 (Tex. App.—Corpus Christi 2000, no pet.). First, the appellant must show that
counsel’s performance was deficient; in other words, that counsel’s assistance fell below
an objective standard of reasonableness. Hernandez, 726 S.W.2d at 55. The deficiency
must be of the extent that counsel failed to function as counsel. Yates v. State, 917
S.W.2d 915, 920 (Tex. App.— Corpus Christi 1996, pet. ref’d). Second, the appellant must
prove that “the deficient performance prejudiced the defense” by “a reasonable probability
that, but for counsel’s errors, the result of the proceeding would have been different.” 
Munoz, 24 S.W.3d at 433. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 693; Hernandez, 726 S.W.2d at 55. 
“Failure to make the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim.” Strickland, 466 U.S. at 700.
          The assessment of whether an appellant received effective counsel is made
according to the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 185 (Tex. Crim. App.
1979). The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 
The appellant must overcome a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Tijerina v. State, 921 S.W.2d 287,
289 (Tex. App.—Corpus Christi 1996, no pet.); see Thompson v. State, 9 S.W.3d 808,
812-14 (Tex. Crim. App. 1999). “Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). In the absence of
evidence of counsel’s reasons for the challenged conduct, an appellate court will assume
a strategic motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in it. Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 814; see
Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003) (“Appellate courts can rarely
decide the issue of unreasonable performance because the appellate record rarely speaks
to the strategic reasons that counsel may have considered.”).
          We begin our analysis with a rebuttable presumption that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case and that
counsel made all significant decisions in the exercise of reasonable professional judgment. 
Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be
rebutted by evidence of counsel’s reasoning or lack thereof. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). The most effective way to demonstrate
ineffective assistance of counsel is by presenting evidence at a hearing on a motion for
new trial. See generally McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex. App.–Houston
[14th Dist.] 1999, pet. denied).
          Appellant did not file motions for new trial in these two cases, and the records
before us are silent regarding any alleged ineffectiveness by counsel. Appellant’s
complaint that she received ineffective assistance of counsel is not firmly founded in the
records, and the records do not affirmatively demonstrate the alleged ineffectiveness. 
Accordingly, we hold that appellant has not sustained her burden of proving her claim of
ineffective assistance of counsel by a preponderance of the evidence.


 Appellant’s first
issue is overruled.
2. Insufficient Time to Prepare 
          In her second issue, appellant contends she had an insufficient amount of time to
prepare. Specifically, appellant complains that she did not have a sufficient amount of time
to: (1) discuss the procedures of the hearing; (2) gather witnesses on her behalf; (3)
collect evidence for her defense; and (4) retrieve personal files evidencing completion of
the conditions of her community supervision.
          Article 1.051(e) of the Texas Code of Criminal Procedure provides in relevant part,
“An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the
preparation time with the consent of the defendant in writing or on the record in open
court.” Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp. 2004). The record shows
that counsel for appellant was appointed on February 26, 2003. The hearing on the State’s
motion to revoke probation was held on March 12, 2003. Thus, the record shows that
counsel for appellant had more than ten days to prepare for the revocation hearing. 
Appellant’s second issue is overruled.
C. Independent Review of Record
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.). We note that pleas of true, standing alone, support
revocation of community supervision. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
[Panel Op.] 1979); Jones v. State, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi, 2003
no pet.); Rivera v. State, 688 S.W.2d 659, 660 (Tex. App.–Corpus Christi 1985, no pet.).
          We have carefully reviewed the appellate record and counsel’s brief in both cases.
We find nothing in the record that might arguably support these appeals. We agree with
appellant’s counsel that both appeals are wholly frivolous and without merit.
          We affirm the revocation orders of the trial court in cause numbers 13-03-00239-CR
and 13-03-00240-CR.
D. Motions to Withdraw
          In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant in these two appeals. See Anders, 386 U.S. at 744. An appellate court may
grant a counsel’s motion to withdraw filed in connection with an Anders brief. Moore v.
State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511
(noting that Anders brief should be filed with request for withdrawal from case). We grant
counsel’s motions to withdraw in cause numbers 13-03-00239-CR and 13-03-00240-CR.
 

          We order counsel to advise appellant promptly of the disposition of these two cases
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam).
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 26th day of August, 2004.