

# NUMBER 13-07-00216-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JASON THOMAS BECK,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 377th District Court
### of Victoria County, Texas

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Jason Thomas Beck, challenges the trial court's revocation of community supervision. By one issue, appellant contends that the evidence submitted at the revocation hearing was insufficient to support the trial court's findings. We affirm.

## I. Background

Appellant pleaded guilty to the offense of intoxication assault,[1] and the trial court assessed punishment of confinement in the Institutional Division of the Texas Department of Criminal Justice for eight years, a $2,000 fine, court costs, and suspension of appellant's driver's license for a period of two years. Pursuant to a plea agreement, the trial court suspended the imposition of the sentence of confinement and placed appellant on community supervision for a term of eight years. The State filed a motion to revoke alleging that appellant violated several conditions of community supervision. At the hearing on the motion, appellant pleaded "true" to the following allegations: (1) use of marijuana; (2) failure to avoid operating any vehicle without a deep-lung-breath-analysis mechanism device; (3) failure to abide by a 10:00 p.m. curfew; (4) failure to pay past due court costs; (5) failure to pay past due supervisory fees; (6) failure to pay past due restitution; (7) failure to complete twelve hours of community service restitution monthly; and (8) failure to pay the local Crime Stoppers Program. Appellant pleaded "not true" to the remaining allegations, which included driving while intoxicated, driving without a license, and failing to submit to any requested test for alcohol or other drugs and to a breath test for alcohol and urinalysis immediately upon arrest for any offense or upon request by a supervision officer. The trial court revoked appellant's community supervision after finding that he violated all but one of the conditions of community supervision.[2] Appellant challenges only the sufficiency of the evidence to support the trial court's finding that he committed the new offense of driving while intoxicated.

---

[1] *See* TEX. PENAL CODE ANN. § 49.07 (Vernon Supp. 2007).

[2] The trial court did not find that appellant failed to submit to any requested test for alcohol or other drugs and submit to a breath test for alcohol and urinalysis immediately upon arrest for any offense and upon request of a supervision officer.

## II. Standard of Review

When reviewing a trial court's revocation of community supervision, we apply an abuse of discretion standard of review. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *McDonald v. State*, 608 S.W.2d 192, 199 (Tex. Crim. App. 1980). A plea of "true," standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi, 2003 no pet.); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex. App.–Corpus Christi 1985, no pet.).

In this case, appellant pleaded true to eight of the State's allegations that he violated conditions of community supervision. We find that appellant's pleas of true to these violations are sufficient to support the trial court's finding. *Cole*, 578 S.W.2d at 128; *Jones*, 112 S.W.3d at 268; *Rivera*, 688 S.W.2d at 660. Therefore, we conclude that the trial court did not abuse its discretion when it revoked appellant's community supervision. *Rickels*, 202 S.W.3d at 763; *Jackson*, 645 S.W.2d at 305; *McDonald*, 608 S.W.2d at 199. We overrule appellant's sole issue.

## III. Conclusion

We affirm the trial court's judgment.

 

 

 

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 8th day of May, 2008.

3