

# NUMBER 13-13-00443-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KENNETH GILMORE,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Kenneth Gilmore appeals the trial court's judgment revoking his deferred adjudication community supervision, adjudging him guilty, and imposing a sentence of twenty years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ–ID) for the second-degree felony offense of unlawful possession of cocaine. *See*

TEX. HEALTH & SAFETY CODE ANN. § 481.115(a–b) (West, Westlaw through 2013 3d C.S.) (setting out that possession of a substance in Penalty Group 1 "is a state jail felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram"); *see also id.* § 481.102(3)(d) (West, Westlaw through 2013 3d C.S.) ("Penalty Group 1 [includes] . . . [c]ocaine . . . ."); TEX. PENAL CODE ANN. § 12.425(b) (West, Westlaw through 2013 3d C.S.) (providing for the enhancement of a state jail felony to a second-degree felony upon proof of two prior felony convictions). By a single issue, Gilmore argues that the trial court abused its discretion in finding that he committed burglary of a building, which he asserts formed the "*de facto* basis" for the trial court's decision to revoke his community supervision. We affirm.

## I. PROCEDURAL BACKGROUND[1]

Gilmore was indicted in 2009 for second-degree felony cocaine possession. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a–b); TEX. PENAL CODE ANN. § 12.425(b). In January 2010, after Gilmore entered an open plea of guilty, the trial court deferred Gilmore's adjudication and placed him on community supervision for a period of ten years. In March 2012, the State filed a motion to revoke Gilmore's community supervision and to adjudicate his guilt, alleging that he had violated several conditions of the supervision. The trial court heard the motion and found Gilmore had violated the conditions of his community supervision for which he entered pleas of true. But rather than revoke Gilmore's community supervision, the trial court continued him on community supervision,

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

modifying the conditions to include, as a sanction, placement in the Nueces County Substance Abuse Treatment Facility.

In May 2013, the State filed a second motion to adjudicate Gilmore's guilt and revoke his community supervision. In this motion, the State alleged that Gilmore committed nine violations of the terms of his community supervision, including committing the offense of burglary of a habitation, testing positive for cocaine, purchasing and consuming cocaine, failing to report to his supervising officer, and traveling out of the county without permission. At the revocation hearing, Gilmore pleaded true to eight of the nine violations. He pleaded not true to committing a burglary of a habitation. After hearing the State's evidence, the trial court found all of the allegations to which Gilmore pleaded true to be true. It also found the remaining allegation to be true but as to a lesser-included offense (burglary of a building) to that set out in the motion (burglary of a habitation). The trial court revoked Gilmore's community supervision, adjudicated his guilt, and sentenced him to twenty years in the TDCJ–ID. Gilmore filed a motion for new trial that was overruled as a matter of law. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). The State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of his community supervision conditions. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc). If the State does not meet its burden of proof, the trial

3

court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d 493–94.

Proof by a preponderance of the evidence of any one of the alleged violations of the community supervision conditions is sufficient to support a revocation order. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd) (citations omitted). Importantly, a plea of true, standing alone, supports the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation); *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *see also Grover v. State*, No. 13–09–00102–CR, 2009 WL 3247843, at *1 (Tex. App.—Corpus Christi July 2, 2009, pet. ref'd) (mem. op., not designated for publication). And it is not necessary to consider the sufficiency of the evidence proving the other violations if a plea of true to an allegation is entered. *See Rivera v. State*, 688 S.W.2d 659, 660 (Tex. App.—Corpus Christi 1985, no pet.). Therefore, to obtain reversal of a revocation order, the appellant must successfully challenge each ground on which the trial court relied to support revocation. *See Smith*, 286 S.W.3d at 342–43; *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (en banc).

### III. DISCUSSION

By his sole issue on appeal, Gilmore argues that the evidence supporting the revocation of his community supervision was insufficient. Gilmore challenges the trial court's findings only as to the burglary-of-a-building ground for revocation, the ground that he claims was the "*de facto* basis" for the trial court's decision to revoke his community

supervision.

First, we cannot agree that the trial court based its determination to revoke Gilmore's community supervision solely on this violation. At the revocation hearing on the State's second motion, after receiving evidence regarding the alleged burglary violation and after hearing arguments by counsel, the trial court concluded the following:

> [B]ased upon the evidence presented by preponderance of the evidence I do not find a burglary of a habitation because I don't think that there's evidence that that was a—that residence was habit—well, it was habitable but it wasn't being used as a residence at that time. I find the lesser included offense of burglary of a building to be true.

Addressing Gilmore, the trial court continued: "Defendant having plead[ed] true to the other allegations and the Court having found that one [allegation, burglary of a habitation,] at least partially true [finding a lesser-included offense of burglary of a building] hereby adjudicates the Defendant and finds the Defendant guilty." The trial court's written judgment adjudicating guilt also recognizes all of Gilmore's pleas, including his pleas of true to the alleged violations of conditions 2, 3, 4, and 7a and his plea of not true to the alleged violation of condition 1. It is clear from the record that the trial court considered Gilmore's pleas of true as well as its determination of true as to the burglary violation when it revoked his community supervision and adjudicated his guilt.

Nonetheless, Gilbert challenges the sufficiency of the evidence to support the trial court's determination that he was guilty of the offense of burglary of a building. However, even assuming that the evidence was insufficient to support the trial court's finding that Gilbert committed the offense of burglary of a building, Gilmore's pleas of true to the remaining eight violations supported the trial court's revocation order. *See Cole*, 578

5

S.W.2d at 128; *see also Smith*, 286 S.W.3d at 342; *Grover*, No. 13-09-00102-CR, 2009 WL 3247843, at *1. Because we need not consider the sufficiency of the evidence to prove one violation when an appellant enters pleas of true to all other violations, *Rivera*, 688 S.W.2d at 660, we conclude that the trial court did not abuse its discretion in revoking Gilmore's community supervision. *See Rickels*, 202 S.W.3d at 763; *Cardona*, 665 S.W.2d 493–94; *Sterling*, 791 S.W.2d at 277. We overrule Gilmore's appellate issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 2nd
day of September, 2014.