

# NUMBER 13-18-00224-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAKE ARRON GONZALES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 24th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Contreras**

Appellant Jake Arron Gonzales appeals from the revocation of his community supervision for aggravated kidnapping, a first-degree felony, and assault family violence, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 20.04, 22.01(b)(2) (West, Westlaw through 2017 1st C.S.). The trial court sentenced appellant to concurrent terms of twenty-

five years and ten years, respectively.  By one issue, appellant argues the trial court erred when it overruled his objection to part of a witness's testimony.  We affirm.

## I.  BACKGROUND

Appellant was indicted in 2012 for:  (1) aggravated kidnapping, *see id.* § 20.04; (2) assault family violence, *see id.* § 22.01(b)(2); and (3) possession of cocaine, a controlled substance, in the amount of one to four grams, a third-degree felony.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), .115(c) (West, Westlaw through 2017 1st C.S.). Pursuant to a plea agreement, appellant pleaded guilty to the three offenses and received:  (1) ten years of deferred-adjudication community supervision, a $2,000 fine, and $4,481.09 in restitution for the aggravated kidnapping charge; (2) ten years' incarceration probated for ten years of community supervision for the assault family violence charge; and (3) a suspended license and ten years' incarceration probated for five years of community supervision for the possession of a controlled substance charge. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.34 (West, Westlaw through 2017 1st C.S.).

At some point, appellant completed his community supervision for the possession of a controlled substance charge.  In December 2017, appellant was arrested for a new offense for assault family violence.  The State then filed motions to adjudicate guilt and to revoke appellant's community supervision for the remaining two charges and alleging four violations of the terms and conditions of his community supervision.  *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.751, 42A.755 (West, Westlaw through 2017 1st C.S.). Specifically, the State alleged that appellant violated the terms of his supervision because he committed a new offense, failed to pay community supervision fees, and failed to

refrain from contact with the victim of his offenses on two occasions.[1]  Appellant pleaded "true" to all the allegations.

At the hearing on the motion to adjudicate, the State called six witnesses, including Officer Wilmer McLeroy of the Victoria Police Department.  McLeroy was one of the police officers who responded to the domestic disturbance call in 2012 that resulted in appellant's arrest for the underlying charges.  During McLeroy's testimony, the State asked McLeroy whether he located any white substances at the residence.  McLeroy responded that another officer at the scene, Sergeant Erica Vaccaro, notified him of the presence of narcotics, and appellant objected to this testimony on the basis of hearsay. The trial court overruled appellant's objection, and McLeroy testified that Vaccaro had told him that she located some possible cocaine inside the residence.

As to the aggravated kidnapping charge, the trial court found the allegations to be true, revoked appellant's community supervision, adjudicated appellant guilty, and sentenced him to twenty-five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.  As to the assault family violence charge, the trial court revoked appellant's community supervision and sentenced him to ten years' incarceration.  The sentences were set to run concurrently.  This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review and Applicable Law

Appellate review of an order revoking community supervision is limited to abuse of the trial court's discretion.  *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2009);

---

[1] Appellant's girlfriend was the victim in both the 2012 and 2017 assault family violence offenses. The conditions of appellant's community supervision required appellant to refrain from any contact with the victim; however, appellant lived with the victim on and off during his community supervision.

*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). Likewise, we review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001)); *see Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006).

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the State's motion to revoke. *Rickels*, 202 S.W.3d at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc). Preponderance of the evidence "means that greater weight of the credible evidence which would create a reasonable belief that the defendant violated a condition" of his community supervision. *Hacker*, 389 S.W.3d at 865; *Rickels*, 202 S.W.2d at 763–64. The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we must view the evidence in the light most favorable to the trial court's ruling. *See Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). When the State has failed to meet its burden of proof, the trial judge abuses his discretion in issuing an order to revoke community supervision. *Cardona*, 665 S.W.2d at 493–94.

One sufficient and unchallenged violation of the terms of a defendant's community supervision will support the trial court's order on appeal, and an appellate court need not address challenges to other grounds for revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would

4

support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978)).  Thus, a trial court does not abuse its discretion if a preponderance of the evidence supports at least one of the State's allegations that the defendant violated a condition of his community supervision. *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.); *see Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).  Furthermore, a single plea of true to a violation allegation is enough to sustain the trial court's decision to revoke a defendant's community supervision.  *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex. App.—Corpus Christi 1985, no writ).

If we find error regarding the admissibility of evidence, we will disregard the error as harmless if it was non-constitutional and did not affect appellant's substantial rights. *See* TEX. R. APP. P. 44.2(a), (b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2001).  An erroneous evidentiary ruling is generally non-constitutional error.  *See Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (en banc) ("Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense."); *see also Casey v. State*, 215 S.W.3d 870, 884–85 (Tex. Crim. App. 2007); *cf. Jones v. State*, 119 S.W.3d 766, 776–77 (Tex. Crim. App. 2003) (en banc) (noting that the admission of defendant's confession was evidentiary error of constitutional nature because the confession was obtained without *Miranda* warnings in violation of the Fifth Amendment).  An appellant's "substantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the [judge], or had but a slight

5

effect.'" *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

**B.    Analysis**

By his sole issue, appellant argues that the trial court erred when it overruled his objection to Officer McLeroy's testimony on the basis that it was hearsay.  *See* TEX. R. EVID. 801.  We will assume, without deciding, that the trial court abused its discretion in overruling appellant's objection, and we will proceed to our analysis of whether appellant suffered any harm as a result.

Here, appellant complains of an alleged non-constitutional evidentiary error.  *See Casey*, 215 S.W.3d at 884–85; *Potier*, 68 S.W.3d at, 663–64; *see also Jones*, 119 S.W.3d at 776–77.  And appellant did not challenge any of the alleged violations of his community supervision; instead, he pleaded "true" as to all of them.  Further, the State presented extensive testimony from six witnesses, including testimony from the victim, in support of the alleged violations.  Viewing the evidence other than the hearsay testimony in the light most favorable to the trial court's ruling, we conclude the State proved by more than a preponderance of the evidence that appellant had violated the terms and conditions of his community supervision.  *See Hacker*, 389 S.W.3d at 865; *Rickels*, 202 S.W.2d at 763–64; *Cardona*, 665 S.W.2d at 493.

As noted earlier, Texas law is clear that one sufficient ground for revocation will support the trial court's order revoking community supervision, *Smith*, 286 S.W.3d at 342; *Sanchez*, 603 S.W.2d at 871, and a plea of true from a defendant is sufficient standing alone to support the revocation of community supervision.  *See Tapia*, 462 S.W.3d at 31

n.2; *Rivera*, 688 S.W.2d at 659. Thus, after examining the record as a whole, we have fair assurance that the alleged error did not have a substantial and injurious effect or influence in determining the judge's verdict. *See Smith*, 286 S.W.3d at 342; *Casey*, 215 S.W.3d at 885; *Motilla*, 78 S.W.3d at 359–60. Accordingly, we conclude that appellant's alleged error did not contribute to his adjudication of guilt or revocation of his community supervision, and any such error was harmless. *See* TEX. R. APP. P. 44.2; *Smith*, 286 S.W.3d at 342; *Casey*, 215 S.W.3d at 884–85.

Finally, appellant briefly mentions in his brief that the admission of McLeroy's response "perhaps ultimately added time to his sentences." However, appellant does not show or otherwise discuss how that evidence somehow affected the sentence handed down by the trial court, *see* TEX. R. APP. P. 38.1(i), and appellant did nothing in the trial court to preserve any error regarding the punishment assessed. *See* TEX. R. APP. P. 33.1.

Appellant's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of August, 2018.