

NUMBER 13-19-00080-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERNESTO RODRIGUEZ,                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

After pleading guilty to the third-degree felony offense of indecency with a child by exposure, appellant Ernesto Rodriguez was placed on deferred adjudication community supervision for ten years and ordered to pay a $1,000 fine. *See* TEX. PENAL CODE ANN. § 21.11(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.101. The State filed a motion to revoke alleging that appellant violated the terms of his community supervision by using

marijuana and failing to pay various required fees. The trial court granted the motion, found appellant guilty of the underlying charge, and sentenced him to ten years' imprisonment. Appellant argues by one issue on appeal that the trial court abused its discretion by sentencing him to prison. We affirm.

## I. BACKGROUND

A Nueces County grand jury indicted appellant in 2016 on one count of continuous sexual abuse of a young child (Count I), one count of indecency with a child by exposure (Count II), and one count of indecency with a child by sexual contact (Count III). *See id.* § 21.02, 21.11(a)(1), (a)(2). Pursuant to a plea agreement, appellant pleaded guilty to Count II and the State dismissed the other counts. The order of deferred adjudication was entered on May 11, 2018. Appellant's conditions of community supervision included "[c]ommit no offense against the laws of this State or any State or of the United States" and "[r]efrain from excessive use of alcohol consumption, the unlawful use of drugs, narcotics or any other controlled substance and submit to random testing/urinalysis . . . ."

In its motion to revoke, filed on September 4, 2018, the State alleged that appellant violated the terms of his community supervision by failing to "AVOID injurious or vicious habits and/or, avoid the use of alcoholic beverages, narcotics or any other controlled substances and submit to testing/blood analysis/urinalysis as directed . . . ." Specifically, the motion alleged that appellant: (1) tested positive for marijuana on or about May 17, 2018 and August 10, 2018; and (2) told his community supervision officer that he used marijuana on or about June 10, August 6, and August 20, 2018. The motion also alleged that appellant failed to make $27 in payments to the victim's compensation fund; $84 in monthly payments toward the $1,000 fine; $39 in bond supervision fee arrears; $180 in

monthly supervision fees; and $15 in sex offender fees.

At the revocation hearing on September 26, 2018, the trial court asked appellant whether he "had plenty of time to talk to your lawyer about your case and to discuss with him any possible defenses that you may have to the charges against you." Appellant replied that he had discussed the underlying indecency charge with his attorney but did not discuss the allegations made in the motion to revoke. Defense counsel stated that he was only notified of the revocation hearing the previous day and that he advised appellant that "we have a right to additional time for . . . preparation." The trial court explained to appellant that "[i]f you want more time I'll give you more time"; however, appellant stated "No, that's okay," and agreed to proceed. Appellant then pleaded true to the allegations in the motion to revoke. With regard to the allegations of failure to pay, appellant testified that he has "financial problems" as a result of having to pay child support for two children, and that he would have made the required payments if not for these circumstances.

Following appellant's testimony, the prosecutor asked the court to revoke appellant's supervision and sentence him to ten years in prison, noting that, according to the "initial offense report" of the underlying offense, "the victim in the case said that the offender was always drunk when he touched her; that's evidence of being under the influence of either drugs or alcohol." The prosecutor observed that appellant's admission to using marijuana indicates that "[h]e's continuing to use drugs and alcohol" and "will continue to be a threat to society, a threat to children . . . ."

Appellant's probation officer recommended "a 30 day jail sanction followed by ISF substance abuse track and zero tolerance." She agreed with defense counsel that appellant was cooperative with her. When asked by defense counsel whether appellant's

drug test results showed "a minute amount or if it's a more concentrated amount of THC," the probation officer stated that she did not read the drug test results.

On further examination by the trial court, appellant conceded that he knew possessing and using marijuana was against the law and the conditions of his community supervision, but he chose to do it anyway.

The trial court granted the motion to revoke. In pronouncing sentence, the court stated:

> What bothers me is that right after he was placed on probation you chose to use marijuana knowing that it's a violation of law. Whether we agree with the laws or not that's not the point. The point of the matter is that that is the law here in the State of Texas. . . . And it has been shown that smoking marijuana is harmful to the individual. It causes you to do things that maybe you would not have done. . . . Anyone facing any measure of prison time would have stayed away from marijuana and other substances so that there would be no reason to have the probation revoked and be sent to prison. Life is full of stresses. Just waking up is a stress in itself but going to marijuana is not the answer at least not in this state. You could have addressed your stress some other way. You could have called your probation officer. You could have talked to somebody else. I don't want to push religion on anyone but you could have gone to church and prayed about it. . . . But to relieve stress by using marijuana in this state that's not an answer and by your continuously using marijuana now that tells me that you're not going to make it. Based on all of the evidence presented the Court will set the punishment in your case to ten years in prison.

When asked whether he had "anything to say about the sentence now being imposed upon you," and appellant replied: "No, sir." The trial court certified appellant's right to appeal, and this appeal followed.

## II. DISCUSSION

In his sole issue on appeal, appellant argues that "there was insufficiency of evidence to adjudicate him and sentence him to prison on his first motion to revoke probation." He contends the trial court erred by basing its decision on "the State's unfounded and unproven argument that he was likely to re-offend using marijuana and

4

he was a threat to society." Citing *Chacon v State*, appellant notes that community supervision may not be revoked based on a violation not alleged in the motion. *See* 558 S.W.2d 874, 875 (Tex. Crim. App. 1977). Without reference to the record, appellant suggests that "the opposite is true" because his probation officer testified that he "had not violated the condition as contained in the State's Exhibit 1[1] despite his use of marijuana." Appellant further complains that the trial court "failed to find that [he] had a vicious habit" and that "[n]o evidence was introduced to prove the positive urinalysis test results."[2]

We review a trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Martinez v. State*, 563 S.W.3d 503, 510 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc); *Martinez*, 563 S.W.3d at 510. The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984) (en banc). We

---

[1] State's Exhibit 1, as it appears in the reporter's record, is a copy of the May 2018 plea agreement. No exhibits were offered as evidence at the revocation hearing. Appellant is presumably referring to the violation report which was attached as an exhibit to the motion to revoke.

[2] In the Summary of Argument section of his brief, appellant contends that "his sentence of ten (10) years is excessive, unrelated and grossly disproportional to the severity of the violations of the Motion to Revoke Probation and to the uncorroborated underlying offense." This contention is not supported by any argument or record references; accordingly, it is waived. *See* TEX. R. APP. P. 38.1(i).

5

examine the record in the light most favorable to the ruling. *Martinez*, 563 S.W.3d at 510.

The State argues that appellant's issue presents nothing for review because it is multifarious and inadequately briefed. We choose to address the issue out of an abundance of caution and in our sole discretion.

At the revocation hearing, appellant pleaded "true" to each of the allegations made in the motion to revoke.[3] This alone provided a sufficient basis for the trial court to have revoked appellant's community supervision and adjudicated guilt on the underlying offense. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (same); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (same); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex. App.—Corpus Christi–Edinburg 1985, no pet.); *see also Farr v. State*, No. 13-17-00297-CR, 2018 WL 4017118, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2018, no pet.) (mem. op., not designated for publication); *Gardiner v. State*, No. 13-17-00392-CR, 2018 WL 3386353, at *3 (Tex. App.—Corpus Christi–Edinburg July 12, 2018, no pet.) (mem. op., not designated for publication).[4]

---

[3] The specific conditions alleged to have been violated according to the motion to revoke are numbered and worded differently than the actual conditions listed in the community supervision order. Nevertheless, "[a]s long as the motion [to revoke or adjudicate guilt] provides adequate notice of the charges alleged, fundamental notions of fairness are satisfied, despite flaws in the motion." *Marcum v. State*, 983 S.W.2d 762, 767 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (citing *Labelle v. State*, 720 S.W.2d 101, 108–09 (Tex. Crim. App. 1986)). Here, despite their differences, the supervision conditions made clear that appellant was obligated to refrain from using illegal drugs and the motion to revoke clearly alleged that appellant had failed to do so. In any event, appellant has not argued, before the trial court or on appeal, that the motion to revoke was defective. *Id.* (noting that "[e]rrors in a motion to revoke probation must be pointed out to the trial court in a timely motion to quash" and that "[i]n the absence of such motion, error, if any, is waived"); *see* TEX. R. APP. P. 33.1(a)(1).

[4] We note that the record does not support appellant's assertion that his probation officer testified he "had not violated the condition as contained in the State's Exhibit 1 despite his use of marijuana." Rather, the probation officer recommended he be jailed for thirty days.

Viewing the record in the light most favorable to the ruling, *see Martinez*, 563 S.W.3d at 510, we conclude that the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating guilt on the underlying offense.[5] Appellant's issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of May, 2020.

---

[5] Appellant does not dispute the validity of his guilty plea to the underlying offense.