Bernard BATTLE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57806–57808.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

Tom A. Boardman, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, C. Wayne Huff and Mike R. Gillett, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

These are appeals from orders of the court revoking appellant's probation granted him in three prior felony convictions. On May 6, 1977, appellant, under separate indictments, entered pleas of guilty to the offenses of possession of marihuana over four ounces, burglary of a habitation and possession of methamphetamine. Punishment was assessed at ten years' imprisonment for each offense, but the imposition of sentence was suspended and appellant was placed on probation for a period of ten years. On July 1, 1977, the State filed motions to revoke probation for all three convictions alleging that appellant had violated a condition of probation, namely, that he "commit no offense against the laws of this State or of any other state or of the United States." After a hearing was held on July 15, 1977, the court entered orders revoking appellant's probation and sentenced him in each case to ten years' confinement in the Texas Department of Corrections, the sentences to run concurrently.

In his first contention, appellant urges that the evidence presented at the probation revocation hearing was insufficient to support a finding that he violated the condition as alleged. We agree and reverse the trial court's orders revoking appellant's probation.

When viewed in the light most favorable to the court's finding, the record reveals that on June 11, 1977, at approximately 1:00 a. m., Sandra Skelton, the complaining witness, and her friend, Rhonda Richmond, met appellant in a Dallas nightclub. The threesome sat at one table and after 30 minutes of conversation, the two women went to the ladies' restroom; they were followed by appellant who also entered the restroom. No one objected to appellant's presence.

Before entering the bathroom stall, Skelton entrusted her purse to Richmond, who set it on the sink while she assisted Skelton by holding the broken stall door closed. Several other women were also inside the restroom. During this period, appellant was standing near both the sink and the door. Skelton emerged from the stall within several minutes and discovered that her purse was missing. She then observed appellant leaving the restroom. Skelton pursued appellant to a spot immediately outside the nightclub where she accused him of the theft. Appellant steadfastly denied the accusation and in a final effort to convince Skelton of his innocence, he partially disrobed himself in front of her to prove that he was not concealing the purse. Skelton and Richmond both testified that neither of them actually saw appellant take the purse. They further testified that they never saw the purse in appellant's possession.

The State contends that appellant's violation of the probation condition was proved by a preponderance of the evidence, and that the trial court was justified in revoking probation.

■ It is well settled that in a probation revocation hearing the trial court is the "sole trier of the facts, the credibility of the witnesses and the weight to be given to the testimony." *Grant v. State*, 566 S.W.2d 954, 956 (Tex.Cr.App.1978); *Ross v. State*, 523 S.W.2d 402, 403 (Tex.Cr.App.1975). However, a trial judge is not accorded an absolute discretion in the decision to revoke.

**22**

Scamardo v. State, 517 S.W.2d 293, 297 (Tex.Cr.App.1974). After considering all of the evidence, the court may, in its sound discretion, revoke probation if the State has proved every element of the offense by a preponderance of the evidence. *Grant v. State*, supra at 956.

 In a hearing of this nature, the State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Scamardo v. State*, supra at 298. When the State's case is supported by circumstantial evidence alone, the incriminating circumstances must be such as to exclude every reasonable hypothesis except the accused's guilt. *Stogsdill v. State*, 552 S.W.2d 481, 486 (Tex.Cr.App.1977). An order of revocation based on only a likelihood or strong suspicion of guilt constitutes an abuse of discretion.

 In the instant case, there is no direct evidence supporting the State's allegations in its motions to revoke probation. The chief incriminating circumstance relied upon by the State is appellant's presence in the restroom near Skelton's purse shortly before it was discovered missing. Mere presence at the scene of the crime is not sufficient alone to show guilt. *Moore v. State*, 532 S.W.2d 333, 337 (Tex.Cr.App. 1976).

We conclude that under the present circumstances the State's evidence created only a surmise or a suspicion that appellant had violated the condition of probation as alleged and that reasonable minds could arrive at conclusions other than appellant's guilt. Appellant's first ground of error is sustained, thus it is unnecessary for us to consider his remaining ground of error.

The judgments are reversed and the causes remanded.