TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00596-CR







Honofre Soto, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CR93-0479-A, HONORABLE DICK ALCALA, JUDGE PRESIDING








 Appellant Honofre Soto appeals the order of the district court revoking his
probation. The motion to revoke alleged that appellant used and possessed alcohol during the
probationary period. Finding that appellant failed to abide by the terms and conditions of his
probation, the trial court revoked appellant's probation and sentenced him to four years
imprisonment. In a single issue, appellant contends that the trial court abused its discretion in
revoking his probation because there is no evidence that he used alcohol in addition to possessing
it as alleged in the State's motion. We affirm the order revoking probation. 

 In 1993, appellant was placed on deferred adjudication probation after he was
convicted of possession of cocaine. Appellant's probation was subsequently revoked and he was
sentenced to five years imprisonment which was probated. The terms of his probation prohibited
his use or possession of alcohol. On December 13, 1998, appellant's probation officer observed
him leaving a convenience store with beer. The State filed a motion to revoke his probation,
alleging that appellant "on or about the 13th day of December, 1998, used and possessed alcohol,
and said use and possession of alcohol was not upon the prescription of a reputable licensed
physician." Appellant pleaded not true to these allegations. 

 At the revocation hearing, the probation officer testified that, when he approached
appellant leaving the convenience store with beer, appellant told him that he was buying beer for
someone else. Appellant testified on his own behalf that he lived with his ex-wife and her
boyfriend. Because the boyfriend did not have his wallet, appellant agreed to buy beer for them. 
Appellant's ex-wife testified that she sent appellant to the store to buy beer for her boyfriend and
that appellant was not buying the alcohol for his own use. Although appellant admitted that he
possessed alcohol, he contends on appeal that the State failed to carry its burden to show that he
used alcohol. 

 The State shoulders the burden of proof in a probation revocation hearing. See
Battle v. State, 571 S.W.2d 20, 21-22 (Tex. Crim. App. 1978). To satisfy this burden, the State
must prove by a preponderance of the evidence that the probationer violated a condition of
probation as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). When a
defendant attacks the sufficiency of the evidence supporting the revocation, we review the order
revoking probation under an abuse of discretion standard. See Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984). In conducting our review to determine whether the evidence
is sufficient to support revocation, we view the evidence in the light most favorable to the trial
court's ruling. See Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). 

 Appellant challenges the sufficiency of the evidence supporting the allegation that
he possessed and used alcohol in December 1998. By his own testimony, appellant admitted to
the purchase of alcohol. Because the evidence clearly establishes that he possessed alcohol, his
sole contention on appeal is that the State is required to prove both use and possession as alleged
in the State's motion. We disagree.

 It is undisputed that no evidence was presented to show that appellant actually
consumed the alcohol. An indictment, however, may allege different ways of committing an
offense in the conjunctive. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991);
Pinkerton v. State, 660 S.W.2d 58, 62 (Tex. Crim. App. 1983). Proof of either use or
possession, therefore, is sufficient; the court need not consider whether the evidence is also
sufficient to prove the alternative theory. See Kitchens, 823 S.W.2d at 258. Moreover, the
pleadings in a motion to revoke need not meet the particularity requirements of an indictment. 
See Mitchell v. State, 608 S.W.2d 226, 228-29 (Tex. Crim. App. 1980). A motion to revoke
probation must simply afford the probationer due process by fair notice of the alleged probation
violation so he can prepare a defense. See Labelle v. State, 720 S.W.2d 101, 103 (Tex. Crim.
App. 1986); see also Bradley v. State, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978) (procedural
and evidentiary requirements are not enforced as strictly in revocation hearing). Proof that
appellant either used or possessed alcohol is therefore sufficient. 

 When there is sufficient evidence to support a finding that the probationer has
violated a condition of community supervision, the trial court does not abuse its discretion in
revoking supervision. See Cardona, 665 S.W.2d at 493. Proof of any alleged violation of a
condition is sufficient to support revocation. See Moses v. State, 590 S.W.2d 470, 470 (Tex.
Crim. App. 1979). 

 We hold that the district court did not abuse its discretion in revoking appellant's
probation. We find the evidence presented to the court was sufficient to prove, by a
preponderance of the evidence, that appellant violated a condition of his probation. Accordingly,
we overrule appellant's issue and affirm the district court's order.



 
 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 10, 2000

Do Not Publish



ence store with beer, appellant told him that he was buying beer for
someone else. Appellant testified on his own behalf that he lived with his ex-wife and her
boyfriend. Because the boyfriend did not have his wallet, appellant agreed to buy beer for them. 
Appellant's ex-wife testified that she sent appellant to the store to buy beer for her boyfriend and
that appellant was not buying the alcohol for his own use. Although appellant admitted that he
possessed alcohol, he contends on appeal that the State failed to carry its burden to show that he
used alcohol. 

 The State shoulders the burden of proof in a probation revocation hearing. See
Battle v. State, 571 S.W.2d 20, 21-22 (Tex. Crim. App. 1978). To satisfy this burden, the State
must prove by a preponderance of the evidence that the probationer violated a condition of
probation as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). When a
defendant attacks the sufficiency of the evidence supporting the revocation, we review the order
revoking probation under an abuse of discretion standard. See Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984). In conducting our review to determine whether the evidence
is sufficient to sup