NUMBER 13-00-266-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

 



 

EARL WAYNE SAENZ,                                              Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.



 

 

                  On appeal from the 156th
District Court

                          of Live Oak
County, Texas.

 



 

                              O P I N I O N

 

         Before Chief Justice Valdez and
Justices Yañez and Kennedy[1]

                                 Opinion by
Justice Kennedy

 








Appellant=s brief states that
the appellant pleaded true to the allegations in the State=s motion to revoke his
probation, the probation was revoked and that he was sentenced to the Texas
Department of Criminal Justice B Institutional
Division.  The only statement in the
brief that could be construed as a point of error is: AThere was no evidence
that appellant understood the conditions of his probation.@  The entire argument in support of the claimed
error is:

At a revocation
hearing the trial judge is not accorded absolute discretion in the decision to
revoke.

 

It has long been the
established law of this state that a trial court may revoke probation only if
the state has proven every element of the violation offense by a preponderance
of the evidence.

 

There was no evidence
that appellant understood the conditions of his probation.  Therefore, appellant cannot be intentionally
charged with breaking his probation, when there is no evidence that he
understood the conditions of this probation.

 

Two cases are cited in support of appellant=s brief.  First, he cites Battle v. State, 571
S.W.2d 20, 21 (Tex. Crim. App. 1978) which holds that
a trial judge is not accorded absolute discretion in the decision to
revoke.  He also cites DeGay v. State, 741 S.W.2d 445 (Tex. Crim. App. 1987) which purports to hold that a trial court
may revoke only if the state proves every element of the violation offense.

Appellant=s prayer states:

Appellant prays that
the court of appeals make the proper disposition of the points of error raised
in this brief.

 

Appellant further
prays that the court of appeals use its discretion in reforming, remanding or
reversing the trial court=s order.

 








The case is inadequately briefed.[2]  When appellant fails to discuss the evidence
supporting his claim, he presents nothing for review.  Rocha v. State, 16 

S.W.3d
1, 20 (Tex. Crim. App. 2000).  However, we have studied the record and
find  nothing that calls for a re-brief
of this case.  We overrule appellant=s point of error and
affirm the judgment of the trial court.

 

NOAH
KENNEDY,

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 25th day of
April, 2002.

 











[1]Retired
Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code Ann. ' 74.003 (Vernon 1988).





[2]The brief is deficient
in many respects.  See Tex. R. App. Proc. ' 38.1(c)(d)(f) (g)(h)(i).