NO. 07-01-0474-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 15, 2002



______________________________




ISMAEL PUENTA CASTILLO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B3614-0010; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 On April 2, 2001, appellant Ismael Puenta Castillo pled guilty to the offense of
indecency with a child. Pursuant to a plea bargain agreement, adjudication was deferred
and he was placed on community supervision for seven years. On October 31, 2001, after
a request by the State to proceed with an adjudication of guilt, the court found appellant 
violated the conditions of his community supervision, adjudicated him guilty of the original
offense, and sentenced him to ten years confinement in the Institutional Division of the
Department of Criminal Justice and a fine of $5,000. Appellant gave notice of appeal from
that judgment.

 Appellant's appointed attorney has now filed a motion to withdraw, together with an
Anders brief. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967). In that brief, he certifies that after careful examination of the record, he has
concluded that appellant's appeal is without merit. Along with his brief, he has attached
a copy of a letter sent to appellant informing him of his intent to withdraw and appellant's
right to proceed pro se. This court also informed appellant by letter dated February 22,
2002, that he was granted until March 22, 2002, to file a response to the brief and motion. 
To date, neither a response nor a motion for extension of time to file one has been
received. 

 In considering requests of this type, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support his client's appeal. Then we must determine if counsel has
correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals of Wisconsin,
486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State, 573 S.W.2d 807,
813 (Tex.Crim.App. 1978). 

 The State alleged that appellant violated his community supervision by (1)
assaulting Flor Isela Macias, (2) possessing a useable quantity of marijuana in an amount
of two ounces or less, (3) failing to pay his fine, court costs, and attorneys fees for the
months of May, June, and July 2001, (4) failing to complete eight hours of community
supervision per month, (5) failing to pay the sexual assault program fund fee of $5 per
month, and (6) being within 100 yards of a residence, school or other location where there
are children under the age of 18 by being present at the Tulia Picnic Carnival where
children were in attendance, and being with a female under 17 on July 24, 2001. Appellant
pled not true to the charges. The judgment recites that appellant committed an offense
against the laws of the State, failed to pay, perform community service, avoid controlled
substances and children under 18. 

 In discussing any possible grounds for appeal, counsel has reviewed the evidence
presented at the hearing. Leo Martinez, custodian of the records for the Adult Probation
Department of Swisher County, testified that appellant was delinquent in payment of his
fees for May, June, and July, and that he had not completed his community service at the
rate of eight hours per month. Macias testified that on July 23, appellant assaulted her and
when police arrived the next day to serve an arrest warrant on him, they found marijuana 
at her house that belonged to him. Macias, who is 15, also testified that she was
previously warned not to be with appellant because he was on probation. She further
stated that appellant had gone to the Tulia Picnic Carnival at least once. 

 Appellant denied assaulting Macias, although he admitted he was at her house on
July 24, 2001. He further denied that the marijuana found there belonged to him or that
he had attended the carnival. He stated he had been employed for a short period of time,
but only made $50. Because of that, he had not paid the required fees, and he did not
perform eight hours of community service every month because he was looking for a job. 
He further conceded he had been dating Macias in August 2001. 

 In a probation revocation hearing, the trial judge is the trier of facts and the sole
judge of the credibility of the witnesses and the weight to be given their testimony. Battle
v. State, 571 S.W.2d 20, 21 (Tex.Crim.App. 1978). An order revoking probation shall be
affirmed if one sufficient ground for revocation supports the order. Moore v. State, 605
S.W.2d 924, 926 (Tex.Crim.App. 1980). Based on the testimony presented at the hearing,
the record supports the court's revocation.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and
agree with counsel that the appeal is without merit and is therefore frivolous. Currie v.
State, 516 S.W.2d 684 (Tex.Crim.App. 1974). 

 Accordingly, counsel's motion to withdraw is hereby granted, and the judgment of
the trial court is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish.



2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0008-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 24, 2010

__________________________

 

JAVIER YEBRA,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

__________________________

 

FROM THE 69TH
DISTRICT COURT OF MOORE COUNTY;

 

NO. 4249; HONORABLE
RON ENNS, JUDGE

____________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER ON ABATEMENT AND REMAND

 

 

Following a jury trial, appellant, Javier Yebra, was convicted of aggravated assault with a deadly
weapon and sentenced to 50 years incarceration in the Institutional Division of
the Texas Department of Criminal Justice and $10,000 fine.  Appellant timely filed notice of appeal.  The clerk=s record
was filed on February 9, 2010.  A
supplemental clerks record was filed on February 12, 2010.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification
of defendant=s right of appeal each time it enters a
judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2); Hargesheimer v.
State, 182 S.W.3d 906, 911 (Tex.Crim.App.
2006).  An appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under the applicable rules.  Tex. R. App. P. 25.2(d).  An appellate court that has an appellate
record that includes a certification is obligated to review the record to
ascertain whether the certification is defective.  Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005).  

Pursuant to an amendment to Rule 25.2(d), which became
effective on September 1, 2007, the certification of defendant=s
right of appeal must be signed by the defendant and a copy must be given to
him.  Tex.
R. App. P. 25.2(d).  Additionally, the certification shall include
a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.[1]  

The certification contained in the supplemental clerk=s
record was signed by the defendant, but does not reflect whether a copy of the
certification was given to the defendant nor does it indicate whether the
defendant was given the required admonishments. 
Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause
to the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a certification of defendant=s right
of appeal that complies with Rule 25.2(d). 
Once properly executed, the certification shall be included in a
supplemental clerk=s record and filed with the Clerk of
this Court on or before March 19, 2010.

This order constitutes notice to all parties of the
defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 37.1.  If a supplemental clerk=s
record containing a proper certification is not filed in accordance with this
order, this matter will be referred to the Court for dismissal.  See Tex.
R. App. P. 25.2(d).

It is so ordered.

 

                                                                                    Per
Curiam

 

 

Do not publish.  

 











[1]
The proper form for Certification of Defendant=s Right
of Appeal is contained in Appendix D of the Texas Rules of Appellate Procedure.