NO. 07-01-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 15, 2002

_____


ISMAEL PUENTA CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B3614-0010; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On April 2, 2001, appellant Ismael Puenta Castillo pled guilty to the offense of indecency with a child. Pursuant to a plea bargain agreement, adjudication was deferred and he was placed on community supervision for seven years. On October 31, 2001, after a request by the State to proceed with an adjudication of guilt, the court found appellant violated the conditions of his community supervision, adjudicated him guilty of the original offense, and sentenced him to ten years confinement in the Institutional Division of the

Department of Criminal Justice and a fine of $5,000. Appellant gave notice of appeal from that judgment.

Appellant's appointed attorney has now filed a motion to withdraw, together with an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, he certifies that after careful examination of the record, he has concluded that appellant's appeal is without merit. Along with his brief, he has attached a copy of a letter sent to appellant informing him of his intent to withdraw and appellant's right to proceed *pro se*. This court also informed appellant by letter dated February 22, 2002, that he was granted until March 22, 2002, to file a response to the brief and motion. To date, neither a response nor a motion for extension of time to file one has been received.

In considering requests of this type, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support his client's appeal. Then we must determine if counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

The State alleged that appellant violated his community supervision by (1) assaulting Flor Isela Macias, (2) possessing a useable quantity of marijuana in an amount of two ounces or less, (3) failing to pay his fine, court costs, and attorneys fees for the

months of May, June, and July 2001, (4) failing to complete eight hours of community supervision per month, (5) failing to pay the sexual assault program fund fee of $5 per month, and (6) being within 100 yards of a residence, school or other location where there are children under the age of 18 by being present at the Tulia Picnic Carnival where children were in attendance, and being with a female under 17 on July 24, 2001. Appellant pled not true to the charges. The judgment recites that appellant committed an offense against the laws of the State, failed to pay, perform community service, avoid controlled substances and children under 18.

In discussing any possible grounds for appeal, counsel has reviewed the evidence presented at the hearing. Leo Martinez, custodian of the records for the Adult Probation Department of Swisher County, testified that appellant was delinquent in payment of his fees for May, June, and July, and that he had not completed his community service at the rate of eight hours per month. Macias testified that on July 23, appellant assaulted her and when police arrived the next day to serve an arrest warrant on him, they found marijuana at her house that belonged to him. Macias, who is 15, also testified that she was previously warned not to be with appellant because he was on probation. She further stated that appellant had gone to the Tulia Picnic Carnival at least once.

Appellant denied assaulting Macias, although he admitted he was at her house on July 24, 2001. He further denied that the marijuana found there belonged to him or that he had attended the carnival. He stated he had been employed for a short period of time, but only made $50. Because of that, he had not paid the required fees, and he did not

3

perform eight hours of community service every month because he was looking for a job. He further conceded he had been dating Macias in August 2001.

In a probation revocation hearing, the trial judge is the trier of facts and the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Crim.App. 1978). An order revoking probation shall be affirmed if one sufficient ground for revocation supports the order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). Based on the testimony presented at the hearing, the record supports the court's revocation.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is therefore frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, counsel's motion to withdraw is hereby granted, and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.

4