Affirmed and Memorandum Opinion filed October 28, 2008








Affirmed and Memorandum Opinion filed October 28,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01097-CR

_______________

 

JAMES EDWARD JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 894116

                                                                                                                                               


 

M E M O R AN D U M  O P I N I O N

Appellant,
James Edward Jackson, appeals from the trial court=s adjudication of guilt and
imposition of sentence.  Because our disposition is based on clearly settled
law, we issue this memorandum opinion and affirm.  See Tex. R. App. P.
47.4.

 

 

 








I.  Factual and Procedural Background

In 2002,
appellant pleaded guilty to a charge of theft of money with an aggregate amount
and value of $200,000 or more.[1]  The trial
court deferred adjudication and placed appellant on ten years of community
supervision.  By an amended motion to adjudicate guilt, filed October 9, 2007,
the State alleged appellant violated the terms and conditions of his community
supervision by (1) committing a new offense, (2) failing to avoid persons or
places of disreputable character, (3) failing to report to the community
supervision officer, (4) failing to work at suitable employment, (5) failing to
provide written verification of his employment, (6) failing to remain within
Harris County, (7) failing to participate in the community service restitution
program, and (8) failing to pay fees and restitution.  Following a hearing on
October 23, 24, and 26, 2007, and completion of a presentence investigation
report, the trial court adjudicated appellant=s guilt, revoked his community
supervision, and sentenced him to twenty-five years= confinement.  The trial court listed
Alaw violation@ as the sole ground for revocation.[2]

II.  Discussion








In a
single issue, appellant asserts (1) the trial court abused its discretion in
granting the State=s motion to adjudicate guilt and (2) his twenty-five year
sentence constituted cruel and unusual punishment.[3] 
Appellant does not point this court to anywhere in the trial record where he
raised the second assertion, and he does not provide this court with authority
to support it.  Therefore, appellant has forfeited appellate review of his
second assertion.  See Tex. R. App. P.
33.1(a) (stating presentation of complaint to trial court is
prerequisite to presenting complaint for appellate review); Tex. R. App. P. 38.1(h) (stating appellant=s brief must contain clear and
concise argument for contentions made, with appropriate citations to
authorities and record); Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996) (holding defendant forfeited Texas constitutional cruel or
unusual punishment claim when he did not present objection to trial court); State
v. Bargas, 252 S.W.3d 876, 902 (Tex. App.CHouston [14th Dist] 2008, no pet.)
(stating defendant waived due process sentencing issue by not addressing any
governing legal principles or applying them to facts of case).  We therefore
turn to appellant=s first assertion.

A trial
court=s determination to adjudicate guilt
is now Areviewable in the same manner as a
revocation hearing conducted under Section 21 of [the Texas Code of Criminal
Procedure Article 42.12] in a case in which an adjudication of guilt had not
been deferred.@  Tex. Code Crim. Proc. Ann.
art. 42.12 ' 5(b) (Vernon Supp. 2008).[4]  Our review
of an order revoking community supervision, and thus adjudicating guilt in the
present case, is confined to whether the trial court abused its discretion.  See
Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In making
this determination, we examine the evidence in the light most favorable to the
trial court=s order.  Moore v. State, 11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.)
(citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)).








The
burden of proof in determining questions of evidentiary sufficiency in
revocation cases is by preponderance of the evidence.  See Joseph v. State,
3 S.W.3d 627, 640 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (citing Cobb v. State,
851 S.W.2d 871, 874 (Tex. Crim. App. 1993);  Anderson v. State, 621
S.W.2d 805, 808 (Tex. Crim. App. 1981)).  The State satisfies its burden of
proof when the greater weight of credible evidence before the court creates a
reasonable belief that it is more probable than not a condition of probation
has been violated as alleged in the motion to revoke.  Id. (citing Battle
v. State, 571 S.W.2d 20, 21B22 (Tex. Crim. App. 1978)).  In a revocation hearing, the
trial judge is the sole trier of fact and determines the credibility of the
witnesses and the weight to be given to their testimony.  Moore, 11
S.W.3d at 498 (citing Battle, 571 S.W.2d at 22).

A
finding of a single violation of community supervision suffices to support
revocation.  Joseph, 3 S.W.3d at 640 (citing Sanchez v. State,
603 S.W.2d 869, 871 (Tex. Crim. App. 1980); Burke v. State, 930 S.W.2d
230, 232 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d)).  Thus, in order to prevail,
appellant must successfully challenge all the findings that support the
revocation order.  Id. (citing Jones v. State, 571 S.W.2d 191,
193B94 (Tex. Crim. App. [Panel Op.]
1978)).[5]








Appellant
challenges the sufficiency of the evidence only on the conditions relating to
his employment and travel outside Harris County.  It is clear to us the trial
court did not decide to adjudicate guilt on those grounds; and, as discussed
below, a preponderance of the evidence supports the ground on which the trial
court relied.  Accordingly, we need not address appellant=s challenges related to employment
and travel.  See id. at 640B41; see also Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (not addressing appellant=s remaining contentions when
appellant failed to raise any contentions concerning finding he committed
offense of escape and court=s review did not reveal any error).

Appellant
does not challenge the one ground on which the trial court rested its
determination to adjudicate guilt, i.e., appellant=s commission of a new violation of
the law.  We address it only briefly.

The
State alleged that, on or about July 1, 2004 until February 18, 2005, appellant
violated the terms of his community supervision by committing the new offense
of engaging in organized criminal activity with the intent to commit the
offense of making a false statement to obtain credit over two hundred thousand
dollars.  A person commits the offense of engaging in organized criminal
activity if, Awith the intent to establish, maintain, or participate in a combination
or in the profits of a combination . . . he commits or conspires to commit . .
. any felony offense under [Penal Code] Chapter 32.@  Tex. Penal Code Ann. ' 71.02(a)(8) (Vernon Supp. 2008). 
Under chapter 32, a person commits an offense if Ahe intentionally or knowingly makes a
materially false or misleading written statement to obtain property or credit,
including a mortgage loan.@  Tex. Penal Code Ann.
' 32.32(b) (Vernon Supp. 2008).

At the
adjudication hearing, the State elicited the following testimony from Gary
Alfred.  In June 2004, a mutual friend introduced appellant and Alfred.  Alfred
was the owner and operator of a business known as Washington Finance Group,
which would fraudulently boost credit scores by adding fictitious loans to credit
reports.  In some cases, he would fabricate social security numbers for
clients, add bogus loans, and then obtain credit reports showing a
significantly higher score.








Alfred
offered his services to appellant to improve the credit scores of appellant=s customers.  Throughout the course
of their business dealings, appellant supplied Alfred with the names of persons
whose credit scores appellant wished to improve.  Appellant was Alfred=s best customer, sending Alfred more
names than any other person with whom Alfred conducted similar transactions. 
Alfred falsified credit scores for thirty people at appellant=s request.

Alfred
knew appellant understood this activity was illegal because appellant knew the
nature of the loans was fictitious and that Alfred was creating false social
security numbers for appellant=s clients.  Appellant paid Alfred from $1,000 to $2,500 for
each name appellant supplied for credit score manipulation.  Appellant told
Alfred he wanted the credit scores manipulated in order to obtain mortgage
loans.  The dealings between appellant and Alfred continued from June 2004
through February 2005, when Alfred was arrested.

A
preponderance of evidence supports the trial court=s finding that appellant violated the
conditions of his deferred adjudication and community supervision.  Accordingly,
the trial court did not abuse its discretion in adjudicating appellant=s guilt.  

We
overrule appellant=s sole issue and affirm the judgment of the trial court.

 

 

 

 

/s/         Charles W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed October
28, 2008.

Panel consists of Justices Yates, Seymore, and Boyce.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 

 

 









[1]  See Tex. Penal Code Ann. '
31.03(e)(7) (Vernon Supp. 2008).





[2]  The judgment indicates the Alaw violation@
was set forth in the State=s original
motion to adjudicate guilt.  The State, however, did not set forth the law
violation until its first amended motion, which was its live pleading at the
time of the hearing on the motion to adjudicate guilt.  Appellant does not
complain of this clerical error on appeal.





[3]  The State argues this issue is multifarious and
therefore not subject to review.  A multifarious point is one that embraces
more than one specific ground.  Stults v. State, 23 S.W.3d 198, 205
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Although we may disregard and refuse to review
multifarious points, we may also elect to consider them if we are able to
determine, with reasonable certainty, the alleged error about which an
appellant complains.   Id.  Because we are able to identify appellant=s complaints with reasonable certainty, we will
consider them.  See id.





[4]  Subsection 5(b), as currently written, applies to a
hearing conducted on or after June 15, 2007, Aregardless of when the adjudication of guilt was originally deferred or
when the offense giving rise to the grant of deferred adjudication community
supervision was committed.@  Act of May
28, 2007, 80th Leg., R.S., ch. 1308, '
53, 1007 Tex. Gen Laws 4395, 4413, 4414.





[5]  Appellant correctly cites McCullough v. State
for the proposition the State must prove every element of the ground asserted
for revocation by a preponderance of the evidence.  See McCullough v. State,
710 S.W.2d 142, 145 (Tex. App.CHouston [14th
Dist.] 1986, pet. ref=d).  Appellant then incorrectly reasons that the State
must prove every ground it alleges in its motion.