

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00619-CR

Rudy **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 4957
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  October 14, 2015

AFFIRMED

### BACKGROUND

Appellant Rudy Martinez was charged by indictment with the felony offense of family violence-assault by choking or strangulation. In February 2011, Martinez entered a plea agreement with the State in which he pled nolo contendre to this charge. As part of the plea agreement, Martinez stipulated that he had been previously convicted and imprisoned for prior felonies. This stipulation effectively enhanced the range of punishment to a minimum of twenty-five years'

imprisonment. Under the plea agreement, Martinez was placed on ten years' deferred adjudication with certain required conditions.

On December 31, 2012, the State filed a motion to adjudicate guilt alleging Martinez violated multiple conditions of his deferred adjudication. The State subsequently amended its motion to adjudicate five times to assert additional violations. The trial court held an evidentiary hearing on the State's motion on July 17, 2014. Martinez pled not true to each alleged violation in the State's motion. After presentation of evidence, the trial court found all the violations alleged in the State's motion to adjudicate guilt to be true, adjudicated Martinez guilty and sentenced him to twenty-five years' imprisonment. Martinez perfected this appeal. We affirm the trial court's judgment.

### STANDARD OF REVIEW

In a proceeding to revoke deferred adjudication, the State has the burden of proving by a preponderance of evidence that the defendant violated the terms of his deferred adjudication. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.) To meet this burden of proof, the greater weight of the evidence must create a reasonable belief that the defendant violated a condition of the deferred adjudication as alleged. *Battle v. State*, 571 S.W.2d 20, 22 (Tex. Crim. App. [Panel Op.] 1978); *Torres*, 103 S.W.3d at 625. In reviewing the trial court's revocation of an appellant's deferred adjudication, an appellate court applies an abuse of discretion standard. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Torres*, 103 S.W.3d at 625. The appellate court reviews the evidence in the light most favorable to the trial court's order. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979); *Torres*, 103 S.W.3d at 625. The trial court is the sole judge of the credibility of the witnesses. *Jones v. State*, 589 S.W.2d at 421; *Torres*, 103 S.W.3d at 625. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the deferred

adjudication. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Reasor v. State*, 281 S.W.3d 129, 132 (Tex. App.—San Antonio 2008, pet. ref'd). Proof of a single violation of a condition of deferred adjudication is sufficient to support a trial court's order of revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Reasor*, 281 S.W.3d at 134.

## ANALYSIS

*Issue Four: Whether the trial court abused its discretion by finding Martinez violated condition (d) of his deferred adjudication.*

In his fourth issue on appeal, Martinez contends the trial court abused its discretion by finding Martinez violated conditions (d) and (e) by failing to report to his probation officer as ordered from December 2013 through May 2014. Martinez argues the evidence presented at the evidentiary hearing was insufficient to prove he violated the conditions requiring him to report to his probation officer. Specifically, Martinez argues the State failed to present any evidence that he was ordered to report to his probation officer for those months.

The terms of Martinez's deferred adjudication included the following two conditions related to the requirement that Martinez report to his probation officer:

(d) Report to the Probation Officer at the Probation Office immediately, and thereafter monthly beginning no later than thirty (30) days from the date hereof;

(e) Report to the Probation Officer (in addition to the reporting required by (d) above), when, where, and in the manner as may hereafter be ordered by the Court through the Probation Officer.

The record indicates Martinez acknowledged and received a copy of these conditions when he was placed on deferred adjudication.

In its motion to adjudicate, the State alleged Martinez violated condition (d) of his deferred adjudication by failing to "[r]eport as directed by the Probation Officer. The Probationer failed to report as ordered for the months of December, 2013, January, February, March, April, and May

2014."[1]  At the evidentiary hearing, the State presented the testimony of Probation Officer Kenny Bode.  Officer Bode became Martinez's probation officer in March of 2012.  Officer Bode testified that Martinez did not report in December 2013 and had not reported at all during 2014.  Martinez did not present any evidence refuting Officer Bode's testimony.

In arguing the State failed to prove he was ordered to report for the months alleged in the motion to adjudicate, Martinez relies on *Rodriguez v. State*, 2 S.W.3d 744 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  In *Rodriguez*, the terms of the defendant's community supervision required the defendant to report to his probation officer on the 6th of each month or on a date agreed upon by the defendant and the probation officer.  *Id.* at 746.  In its motion to revoke the defendant's community supervision, the State alleged the defendant did not report as directed for three specific dates, none of which were the 6th of any month.  *Id.* at 749.  At the hearing on the motion to revoke, the State did not present any evidence which established the defendant and the probation officer agreed that the defendant was to report on those specific dates.  *Id.*  Because the State failed to prove such an agreement, the court of appeals concluded the State had not met its burden of proving the defendant was required to appear on the dates alleged in the motion to revoke.  *Id.*

The facts in this case are distinguishable from those in *Rodriguez*.  Thus, the holding in *Rodriguez* is inapplicable.  Here, the terms of Martinez's deferred adjudication did not require Martinez to report on a specific day of the month, nor did the State allege Martinez violated the conditions of deferred adjudication by failing to report on a specific date.  Based upon the language used in condition (d), the State was not required to prove a specific date which Martinez failed to

---

[1] In its motion to adjudicate guilt, the State alleged conditions (d) and (e) together.  The trial court, in its order, adopted the language of the State's motion and found violations of both conditions (d) and (e) occurred.  This court's analysis will focus on the allegations and evidence presented related to Martinez's failure to report to his probation officer monthly as required by condition (d).

report to his probation officer, but was required to prove Martinez did not report "monthly." The State presented evidence Martinez violated condition (d) by failing to report to his probation officer between December 2013 and May 2014.

As discussed, Probation Officer Bode testified Martinez had not reported to him for seven consecutive months, beginning in December 2013 and ending in June 2014. Because this testimony was the only evidence presented on this point, through Officer Bode's testimony the State satisfied its burden to establish through the great weight of the evidence a reasonable belief Martinez violated condition (d) by failing to report to the Probation Office monthly. *See Cobb*, 851 S.W.2d at 874; *Torres*, 103 S.W.3d at 625.

Because the State satisfied its burden of proof to show Martinez violated condition (d) of his deferred adjudication, the trial court did not abuse its discretion by revoking his deferred adjudication. Accordingly, Martinez's fourth issue on appeal is overruled.

*Issue Twelve: Whether the trial court erred by admitting Martinez's medical records into evidence.*

In Martinez's twelfth issue on appeal, he contends the trial court erred by admitting Martinez's medical records in violation of his right to privacy afforded him under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *See* 45 C.F.R. § 164.502. Martinez argues the State obtained his medical records in violation of the provisions of HIPAA and, for that reason, the records should have been excluded as evidence obtained in violation of the laws of the United States. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).

To prove its allegation that Martinez used illegal drugs in violation of condition (o) of his deferred adjudication, the State admitted into evidence a copy of Martinez's medical records authenticated by a business records affidavit. Assuming, *arguendo*, the trial court abused its discretion by admitting Martinez's medical records and this abuse would result in reversal of the

trial court's revocation based upon condition (o), this error is inconsequential based upon the trial court's appropriate and valid revocation based upon condition (d). As discussed, the State proved by a preponderance of the evidence that Martinez violated condition (d) of his deferred adjudication. Because proof of a single violation of conditions is sufficient to support a trial court's revocation of a defendant's deferred adjudication, the proof Martinez violated condition (d), standing alone, supports the revocation of Martinez's deferred adjudication. *See Moore v. State*, 605 S.W.2d at 926; *Reasor*, 281 S.W.3d at 134. The State's use of Martinez's medical records did not pertain to Martinez's violation of condition (d). Therefore, Martinez's twelfth issue is overruled.

Further, because proof of a single violation is sufficient to uphold the trial court's judgment revoking deferred adjudication, this court need not address Martinez's remaining issues—numbered 1 to 3 and 5 to 11—which relate to the other violations of conditions of Martinez's deferred adjudication.

## CONCLUSION

Because the State proved by a preponderance of the evidence that Martinez violated condition (d) of his deferred adjudication, the trial court did not abuse its discretion by adjudicating him guilty and revoking his deferred adjudication. *See Torres*, 103 S.W.3d at 625. For the foregoing reasons, we AFFIRM the trial court's judgment revoking Martinez's deferred adjudication.

Jason Pulliam, Justice

DO NOT PUBLISH