ACCEPTED

# IN THE SEVENTH COURT OF APPEALS
## AT AMARILLO, TEXAS

| | | |
|---|---|---|
| **JAMES DEWAYNE GRUMBLES,** § | | FILED IN<br>7th COURT OF APPEALS<br>AMARILLO, TEXAS |
| **Appellant** § | | 5/30/2018 8:36:56 AM |
| § | | VIVIAN LONG<br>CLERK |
| **V.** § | **CAUSE NO. 07-18-00139-CR** | |
| § | **TRIAL COURT NO. CR-29576** | |
| **THE STATE OF TEXAS,** § | | |
| **Appellee** § | | |

---

## BRIEF OF APPELLANT

---

**Appealed from the 91st Judicial District Court, Eastland County, Texas**
**Hon. Steven R. Herod, presiding**

---

**COPELAND LAW FIRM**
**P.O. Box 399**
**Cedar Park, Texas 78613**
**Tel: 512.897.8196**
**E-mail:** tcopeland14@yahoo.com

**Tim Copeland**
**State Bar No. 04801500**
**Attorney for Appellant**

**APPELLANT HEREBY WAIVES ORAL ARGUMENT**

# TABLE OF CONTENTS and INDEX OF AUTHORITIES

## Table of Contents

|  |  | Page |
|---|---|---|
| **Table of Contents** |  | *i-iii* |
| **Index of Authorities** |  | *iii-iv* |
| **1.** | **IDENTITY OF PARTIES AND COUNSEL** | **1** |
| **2.** | **STATEMENT OF THE CASE** | **3** |
| **3.** | **STATEMENT CONCERNING ORAL ARGUMENT** | **5** |
| **4.** | **ISSUE PRESENTED** | **6** |

The trial court abused its discretion in revoking Grumbles' community supervision because the State failed to meet its burden of proving a violation of the terms of his community supervision by a preponderance of the evidence.

| **5.** | **BACKGROUND FACTS** | **7** |
|---|---|---|
| **6.** | **SUMMARY OF THE ARGUMENT** | **9** |
| **7.** | **ISSUE RESTATED** | **9** |
| **8.** | **STATEMENT OF PERTINENT EVIDENCE** | **9** |
| **9.** | **ARGUMENT** | **10** |

**A.** Standard of Review

An appellate court's review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion.

1) The appellate court reviews the evidence in the light most favorable to the trial court's judgment.

2) The State has the burden to create a reasonable belief that a condition of community supervision has been violated as alleged in the motion to revoke by a preponderance of the evidence.

3) The State satisfies that burden when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of community supervision has been violated as alleged in the motion.

4) Evidence does not meet this standard when "the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence" or when the finder of fact must "guess whether a vital fact exists."

**B.** Analysis

1) Grumbles' supposed violation of his probation rests upon a single point of evidence: the State believed Grumbles would not attend a SAFP facility when in reality the State never transported or admitted him to such a facility.

2) The evidence was legally insufficient to meet the State's allegations in its motion to revoke because it failed to show an actual breach of a condition, and, therefore, the trial court abused its discretion in revoking Grumbles' probation.

# Table of Contents, continued

Page

10.   **PRAYER**                                                          12

11.   **CERTIFICATE OF SERVICE AND OF                                     13
      COMPLIANCE WITH RULE 9**

# Index of Authorities

## Texas Court of Criminal Appeals cases

***Battle v. State***                                                    **10**
        571 S.W.2d 20 (Tex. Crim. App. 1978)

***Cardona v. State***                                                   **11**
        665 S.W.2d 492 (Tex. Crim. App. 1984)

***Cobb v. State***                                                      **10**
        851 S.W.2d 871 (Tex. Crim. App. 1993)

***Ex Parte James Dewayne Grumbles***, 2018WL1101263 (Tex. Crim. App.
Feb.28,2018 (per curium) (not designated for pub.).                      **4**

***Hacker v. State***                                                    **10**
        389 S.W.3d 860 (Tex. Crim. App. 2013)

***Jackson v. State***                                                   **9**
        645 S.W.2d 303 (Tex. Crim. App. 1893)

***Jones v. State***                                                     **10**
        589 S.W.2d 419 (Tex. Crim. App. 1979)

***Naquin v. State***                                                    **10**
        607 S.W.2d 583 (Tex. Crim. App. 1980).

## <u>Index of Authorities, continued</u>

**Page**

***Rickles v. State***      **9**
    202 S.W.3d 759 (Tex. Crim. App. 2006)


## Texas Court of Appeals cases

***Antwine v. State***      **11**
    268 S.W.3d 634 (Tex. App. – Eastland 2008, *pet. ref'd*)

***Hays v. State***      **11**
    933 S.W.2d 659 (Tex. App. – San Antonio 1996, no pet.)

***Torres v. State***      **10**
    103 S.W.3d 623 (Tex. App. – San Antonio 2003, no pet.)


## Statutes

**TEXAS HEALTH & SAFETY CODE**      **3,7**
    **§§ 481,102(6), .115(a)-(b) (West 2010)**

| | | |
|---|---|---|
| **JAMES DEWAYNE GRUMBLES,** § | | |
| Appellant § | | |
| § | | |
| **V.** § | | **CAUSE NO. 07-18-00139-CR** |
| § | | **TRIAL COURT NO. CR-29576** |
| **THE STATE OF TEXAS,** § | | |
| Appellee § | | |

---

## BRIEF OF APPELLANT

---

## 1. IDENTITY OF PARTIES AND COUNSEL

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, James Dewayne Grumbles, appellant, who would show the court interested parties herein are as follows:

**JAMES DEWAYNE GRUMBLES**, appellant, TDCJ No. 02149997, Lindsey State Jail Unit, 1620 FM 3344, Jacksboro, Texas 76458.

**CHRISTOPHER CASTANON**, trial attorney for appellant, 2000 E. Lamar Blvd. Ste. 60, Arlington, Texas 76006.

**TIM COPELAND**, appellate attorney for appellant, PO Box 399, Cedar Park, Texas 78613.

Cause No. 97-18-00139-CR
*James Dewayne Grumbles v. The State of Texas*
Brief of Appellant     1

**SARAH ADAMS**, trial and appellate attorney for appellee, the State of Texas, Assistant Eastland County District Attorney, 100 W. Main St., Ste. 204, Eastland, Texas 76448.

**STEVEN R. HEROD**, Judge presiding, 91st District Court of Eastland County, Texas.

JAMES DEWAYNE GRUMBLES, §
    Appellant            §
                              §

V.                         §         **CAUSE NO. 07-18-00139-CR**
                              §         **TRIAL COURT NO. CR-29576**

THE STATE OF TEXAS,     §
    Appellee             §

## 2.  STATEMENT OF THE CASE

**TO THE COURT OF APPEALS**:

On March 27, 2017, James Dewayne Grumbles was convicted in the 91st District Court of Eastland County, Texas, of the offense of possession of methamphetamine, less than one gram, a State Jail offense. (R.R. 1, p. 6; **TEXAS HEALTH & SAFETY CODE §§ 481,102(6), .115(a)-(b) (West 2010)**. Grumbles was sentenced, in accordance with a plea agreement, to 2 years in the State Jail Division of the Texas Department of Criminal Justice, but the imposition of that sentence was suspended and, instead, he was placed on 5 years' community supervision and assessed a $5000 fine. On July 26, 2017, the State filed a motion to revoke his community supervision alleging that he had violated one term and condition of his probation (number 25), to-wit: he had "refused" to attend a SAFPF for drug treatment. (R.R. 2, pp. 13-14). On August 28, 2017, hearing was had on the State's motion, and Grumbles entered a plea of "not true". (R.R. 2, p. 4). After

Cause No. 97-18-00139-CR
*James Dewayne Grumbles v. The State of Texas*
Brief of Appellant           3

hearing evidence and argument of counsel, the trial court found the allegation to be true and revoked Grumbles' community supervision. The trial court then sentenced him to two years in the State Jail Division of the Texas Department of Criminal Justice and assessed a $5000 fine. (R.R. 2, pp. 37-38). Grumbles sought to appeal from the trial court's findings, but counsel for Grumbles failed to timely file a notice of appeal from the judgment and sentence. Grumbles subsequently filed an ll.07 writ, and, ultimately, he was granted the right of appeal by the Texas Court of Criminal Appeals in an opinion dated February 28, 2012, styled *Ex Parte James Dewayne Grumbles*, No. 87,892-01, 2018WL1101263 (Tex. Crim. App. Feb. 28, 2018, (*per curium*) (*not designated for pub*.). This appeal ensued.

## 3. STATEMENT REGARDING ORAL ARGUMENT

Appellate counsel does not believe that oral argument would aid the court in reaching its decision and therefore waives such argument.

# 4. ISSUE PRESENTED

The trial court abused its discretion in revoking Grumbles' community supervision because the State failed to meet its burden of proving a violation of the terms of his community supervision by a preponderance of the evidence.

## 5.   BACKGROUND FACTS

### *Prior Proceedings*

Pursuant to plea agreement, Grumbles was convicted in this cause of possession of a controlled substance, methamphetamine, under one gram, a State Jail felony. *See* **TEXAS HEALTH & SAFETY CODE §§ 481,102(6), .115(a)-(b) (West 2010)**. He was sentenced, in accordance with his plea agreement, to 2 years in the State Jail Division of the Texas Department of Criminal Justice, but the imposition of that sentence was suspended and, instead, he was placed on 5 years' community supervision and assessed a $5000 fine.  The conditions of his community supervision included a provision that he attend a SAFP for drug treatment. (C.R. 1, pp. 20-24).

### *Hearing on Motion to Revoke*

On August 28, 2017, the trial court heard evidence on the State's motion to revoke Grumbles' community supervision. Grumbles entered a plea of "not true" to the allegation that he had violated the term or condition of his probation that he attend a SAFPF. (R.R. 2, p. 4). Victoria Jacoby testified that she was Grumbles' community supervision supervisor (*i.e.,* his probation officer). She testified that she supervises the SAFPF caseload for Eastland County, and that she advised Grumbles, following his original plea in this case on March 27, 2017, that she could not place him on a list for SAFPF until another, unrelated misdemeanor charge in Eastland

County was resolved. (R.R. 2, p. 11). Grumbles, as a result, waited in the Eastland County jail until that misdemeanor case was eventually dismissed by the Eastland County District Attorney's Office in June of 2017. At that time, Grumbles had been waiting in jail three months or more to go to a SAFPF. By June, Grumbles had written several letters to the probation department, the first dated March 31, 2017, in which he indicated his desire to have his probation revoked since he assumed he could do his state jail time faster if he went on to state jail than if he waited for a SAFPF bed to open with its attendant months long drug treatment program. The probation department ignored his requests. Finally, sometime in July of 2017, Jacoby again visited Grumbles in the Eastland County jail. (R.R. 2, p. 13). On that occasion, she said, Grumbles maintained that in light of the passage of time (he had been incarcerated in Eastland's County jail approximately 6 months) he did not think SAFPF was necessary. And, he told her that he no longer wanted to go to SAFPF. In fact, according to Jacoby, he "refused" to go. (R.R. 2, pp. 14-15). Jacoby said in Grumbles' revocation hearing in reference to SAFPF, "He's not going to be receptive to it. He doesn't want it." (R.R. 2, p. 15). As a result, she concluded, he was not likely to "participate or benefit from community supervision". (R.R. 2, p. 16).

## 6.  SUMMARY OF THE ARGUMENT

The State failed to meet its burden of proving a violation of Grumbles' community supervision by a preponderance of the evidence because the evidence only showed that Grumbles might refuse, at some time in the future, to violate a term and condition of his community supervision. In fact, at the time of his probation revocation hearing, Grumbles had only indicated that he did not *want* to participate or attend a SAFPF. He had not been transferred to such a facility at the time of his revocation hearing and had not, therefore, refused to participate in any program as directed. It follows that the trial court, in relying on his assertion that he did not *want* to go to SAFPF as a reason to find that he had, in fact, *violated* his probation, abused its discretion in revoking that probation.

## 7.  ISSUE RESTATED

The trial court abused its discretion in revoking Grumbles' community supervision because the State failed to meet its burden of proving a violation of the terms of his community supervision by a preponderance of the evidence.

## 8.  STATEMENT OF PERTINENT EVIDENCE

In addition to the evidence presented in the background section above, other evidence pertinent to the issue presented will be adduced in the argument following as necessary.

## 9. ARGUMENT

### Standard of Review

An appellate court's review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion. ***Jackson v. State***, 645 S.W.2d 303, 305 (Tex. Crim. App. 1893); ***Rickles v. State***, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The appellate court reviews the evidence in the light most favorable to the trial court's judgment. ***Jones v. State***, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The State has the burden to create a reasonable belief that a condition of community supervision has been violated as alleged in the motion to revoke by a preponderance of the evidence. ***Cobb v. State***, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); ***Torres v. State***, 103 S.W.3d 623, 625 (Tex. App. – San Antonio 2003, no pet.); ***Hacker v. State***, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). The State satisfies that burden when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of community supervision has been violated as alleged in the motion. ***Battle v. State***, 571 S.W.2d 20, 21-22 (Tex. Crim. App. 1978). In ***Hacker***, *supra*, 389 S.W.3d at 865, the Texas Court of Criminal Appeals described the burden of proof in these cases as follows:

> "In civil cases that are governed by the preponderance-of-the-evidence burden of proof, the legal-sufficiency standard has been described as a review for whether there is 'more than a scintilla' of evidence. Evidence does not meet this standard when 'the evidence offered to prove a vital fact I so weak as to do no more than create a

mere surmise or suspicion of its existence.' Or when the finder of fact must 'guess whether a vital fact exists.' Furthermore, the Texas Supreme Court has explained, 'some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence." (Citation omitted).

In such a proceeding, the trial court is the sole fact finder and judge of the credibility of the witnesses and weight of the evidence. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980); *Hays v. State*, 933 S.W.2d 659, 660 (Tex. App.–San Antonio 1996, no pet.).

## *Applicable Law*

In a proceeding to adjudicate guilt or revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the defendant has violated a term and condition of community supervision as allegedin the motion to adjudicate/revoke. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision or adjudicating guilt. *Id.* at 493-94. Proof of a violation of a single term and condition of community supervision is sufficient to support a trial court's decision to revoke. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App. – Eastland 2008, *pet. ref'd*).

## *Analysis*

Here, the alleged violation of a condition of Grumble's probation – that he refused to participate in a SAFPF drug treatment program – rests upon a single point

of evidence: Grumbles felt he did not need the SAFPF's treatment program, and, as a result, he said that he would not participate in the facilities' program. In fact, the State had not transported him to a facility at the time he made those assertions, and he had not yet been offered any treatment that he refused. In effect, Grumbles had not had the opportunity to refuse to participate in a SAFPF program at the time the State filed its motion. In other words, the State in this case, as well as the trial judge, were *anticipating* his refusal and thus *anticipating* a violation of his probation. It follows that the State failed to meet its burden of proving an actual violation of the terms of his community supervision by a preponderance of the evidence at his revocation hearing.

## 10. PRAYER

**WHEREFORE**, Mr. Grumbles prays that this Court of Appeals reverse the order revoking Grumbles' community supervision, ensure he is credited with all his time credits for time served to date, order that the State's motion to revoke probation be dismissed and that it enter such other orders as it deems appropriate or to which Mr. Grumbles might be justly entitled.

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX 78613
Phone: 512.897.8196
Fax: 512.215.8114
Email: tcopeland14@yahoo.com

Cause No. 97-18-00139-CR
*James Dewayne Grumbles v. The State of Texas*
Brief of Appellant 12

By:  /s/ Tim Copeland
Tim Copeland
State Bar No. 04801500
Attorney for Appellant

## 11. CERTIFICATE OF SERVICE AND COMPLIANCE WITH RULE 9

This is to certify that on May 29, 2018, a true and correct copy of the above and foregoing document was served on Sarah Adams, Assistant District Attorney of Eastland County, 100 W. Main St., Ste. 4, Eastland, Texas 76448, in accordance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(l) contains 2020 words.

/s/  Tim Copeland